815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwight MATTHEWS, Plaintiff-Appellant,
v.
John TAYLOR, Herman C. Davis, Ross Bates, Linda Cutlip,
Maggie Peat, and Philip Glenn, Defendants-Appellees.
 No. 86-5476.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1987.
 
 Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se plaintiff appeals from the district court order granting summary judgment to the defendants, thereby dismissing plaintiff's Sec. 1983 complaint.
 
 
 3
 Plaintiff, who is an inmate at Fort Pillow State Prison, asserts that the defendants, six correctional employees, violated his fourth and fourteenth amendment rights. Plaintiff basically presents the following two claims: 1) that the defendants violated his fourth amendment rights by searching his mattress, in which a gun was found, outside of his presence; and 2) that his fourteenth amendment rights were violated because he was not given adequate, substantive and procedural due process by the Institutional Review Board (IRB), which convicted plaintiff of possession of a deadly weapon, resulting in a sentence of twenty days in punitive segregation.
 
 
 4
 The district court correctly decided to grant defendants' motion for summary judgment. Upon review of the record and briefs on appeal, there is no evidence of a genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. See Gress v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986).
 
 
 5
 The district court also correctly held that there was no fourth amendment search and seizure violation because prisoners have no reasonable expectation of privacy in their cells and thus cannot invoke the protections of the Fourth Amendment. See Hudson v. Palmer, 468 U.S. 517 (1984).
 
 
 6
 The plaintiff presents no evidence to refute defendants' assertions in their motion for summary judgment that they adhered to the procedural due process requirements to be followed when a prison disciplinary hearing is held, as enunciated in Wolff v. McDonnell, 418 U.S. 539 (1974). Thus, the district court correctly held that not procedural due process violation occurred.
 
 
 7
 Finally, plaintiff's claim that the IRB found him guilty without substantive due process is not well taken. The uncontroverted evidence is that a gun was found in plaintiff's mattress. The fact that the IRB did not believe plaintiff's testimony that the gun had been planted by another inmate does not rise to the level of a constitutional violation. Moreover, the IRB factual findings are not subject to second guessing upon review. Superintendent, Massachusetts Correctional Institution at Walpole v. Hill, 472 U.S. 455 (1985).
 
 
 8
 Therefore, the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.